JANE MEEKER, PLAINTIFF, v. PHOEBE HEDDEN JOHNSON ET AL., DEFENDANTS.

Submitted October 13, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Congleton, Stallman & Hoover.*

*Contra, Sorg, Duncan & Bailey* (*George B. Bailey,* of counsel).

PER CURIAM.

This case involves a collision between a motor car driven by defendant Phoebe Hedden Johnson and the plaintiff, who was a pedestrian on Main street in the city of East Orange.

The plaintiff had a verdict and the defendant Phoebe Hedden Johnson obtained this rule to show cause why the verdict should not be set aside.

The plaintiff's proofs tended to show that the plaintiff, a mature woman, after doing some shopping on the north side of Main street, walked east along the Main street sidewalk to a point where Lincoln avenue intersects Main street but does not extend beyond the north side thereof. The accident occurred at five-thirty P. M. on November 13th, 1923. The plaintiff's evidence tended to show that having reached the crosswalk of Main street, she looked both ways for traffic and saw no moving vehicles. She then started across the crosswalk of Main street and had got perhaps a little more than half way across when she was struck and injured by the automobile driven by the defendant.

This automobile of the defendants had been proceeding north on Lincoln avenue, and the driver wishing to make a turn west on Main street, instead of making a wide turn, made a short turn and so hit the plaintiff.

It seems to us, therefore, that if the plaintiff's testimony is to be believed, she was justified in starting across the street at the time and in the manner that she did, and that it was open to the jury to find that the defendants' negligence (in view of traffic regulations and plaintiff's rights) caused the accident.

On the other hand, if defendants' proof was to be believed, it might perhaps be said that defendant was not guilty of negligence, and that plaintiff's contributory negligence was the cause of the injury.

In this state of the proof the only argument made before us is that the verdict was against the weight of the evidence.

Our careful examination of the evidence results in the conclusion that we cannot say that the jury's finding with respect to the negligence of the defendant and want of contributory negligence of the plaintiff was against the weight of the evidence.

The result is that the rule to show cause will be discharged.